# Exhibit 1

| SUMMONS - CIVIL<br>(Except Family Actions)<br>JD-CV-1 Rev. 1-2000<br>C.G.S. § 51-346, 51-347, 51-349, 51-350, 52-45a,<br>52-48, 52-259, P.B. Secs 3-1 thru 3-21, 8-1 | STATE OF CONNECTICUT<br>**SUPERIOR COURT**<br>www.jud.ct.gov | **"X" ONE OF THE FOLLOWING:**<br>*Amount, legal interest or property in demand, exclusive of interest and costs is:*<br>☐ less than $2,500<br>☐ $2,500 through $14,999.99<br>☒ $15,000 or more<br>*("X" if applicable)*<br>☒ Claiming other relief in addition to or in lieu of money or damages. |
|---|---|---|

**INSTRUCTIONS**
1. Type or print legibly; sign original summons and conform all copies of the summons.
2. Prepare or photocopy conformed summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for actions in which an attachment, garnishment or replevy is being sought. See Practice Book Section 8-1 for other exceptions.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

**RETURN DATE** (Mo., day, yr.)
(Must be a Tuesday) **4-22-08**

| ☒ JUDICIAL DISTRICT<br>☐ HOUSING SESSION | ☐ G.A. NO. ____ | AT (Town in which writ is returnable) (C.G.S. 51-346, 51-349)<br>**Stamford** | CASE TYPE (See JD-CV-1c)<br>Major **C** Minor **90** |
|---|---|---|---|

ADDRESS OF COURT CLERK WHERE WRIT AND OTHER PAPERS SHALL BE FILED (No., street, town and zip code) (C.G.S. 51-346, 51-350)
**123 Hoyt Street, Stamford, CT 06905**

TELEPHONE NO. (with area code)
**203-965-5308**

| PARTIES | NAME AND ADDRESS OF EACH PARTY<br>(No., street, town and zip code) | NOTE: Individuals' Names:<br>Last, First, Middle Initial | ☐ Form JD-CV-2 attached | PTY<br>NO. |
|---|---|---|---|---|
| FIRST NAMED PLAINTIFF | C.P. Eaton Partners, LLC f/k/a CPE, LLC d/b/a C.P. Eaton & Associates, 131 Rowayton Avenue, Rowayton, CT 06853 | | | 01 |
| Additional Plaintiff | | | | 02 |
| FIRST NAMED DEFENDANT | Psilos Group Managers, LLC, 625 Avenue of the Americas, 4th Floor, New York, NY 10011 | | | 50 |
| Additional Defendant | Psilos Group Partners, III, L.P., 625 Avenue of the Americas, 4th Floor, New York, NY 10011 | | | 51 |
| Additional Defendant | | | | 52 |
| Additional Defendant | | | | 53 |

## NOTICE TO EACH DEFENDANT

1. **YOU ARE BEING SUED.**
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.
4. To respond to this Summons, or to be informed of further proceedings, you or your attorney must file a form called an "Appearance" with the Clerk of the above-named Court at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default.
6. The "Appearance" form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your insurance representative.
8. If you have questions about the Summons and Complaint, you should consult an attorney promptly. **The Clerk of Court is not permitted to give advice on legal questions.**

| DATE<br>**3-10-08** | SIGNED (Sign and "X" proper box)<br>[signature] | ☒ Comm. of Superior Court<br>☐ Assistant Clerk | TYPE IN NAME OF PERSON SIGNING AT LEFT<br>**Stephanie A. McLaughlin** |
|---|---|---|---|

FOR THE PLAINTIFF(S) PLEASE ENTER THE APPEARANCE OF:

| NAME AND ADDRESS OF ATTORNEY, LAW FIRM OR PLAINTIFF IF PRO SE (No., street, town and zip code)<br>**Sandak Hennessey & Greco LLP, 707 Summer St., Stamford 06901** | TELEPHONE NUMBER<br>**203-425-4200** | JURIS NO. (If atty. or law firm)<br>**401577** |
|---|---|---|

NAME AND ADDRESS OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $250 (No., street, town and zip code)
**Cheron Carruthers, 71 Aiken Street, Norwalk, 06851**

SIGNATURE OF PLAINTIFF IF PRO SE

| # PLFS.<br>1 | # DEFS.<br>2 | # CNTS.<br>5 | SIGNED (Official taking recognizance; "X" proper box)<br>[signature] | ☒ Comm. of Superior Court<br>☐ Assistant Clerk | FILE DATE<br>2008 MAR 13 P 12:00 | *For Court Use Only*<br>SUPERIOR COURT<br>STAMFORD-NORWALK<br>JUDICIAL DISTRICT |
|---|---|---|---|---|---|---|

**IF THIS SUMMONS IS SIGNED BY A CLERK:**
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service thereof.

| I hereby certify I have read and understand the above: | SIGNED (Pro Se Plaintiff) | DATE SIGNED | DOCKET NO.<br>**FSTCV08 5006789** |
|---|---|---|---|

**ORIGINAL**

| | |
|---|---|
| RETURN DATE: APRIL 22, 2008 | SUPERIOR COURT |
| C.P. EATON PARTNERS, LLC<br>F/K/A CPE, LLC D/B/A<br>C.P. EATON & ASSOCIATES | JUDICIAL DISTRICT OF<br>STAMFORD/NORWALK |
| v. | AT STAMFORD |
| PSILOS GROUP MANAGERS, LLC AND<br>PSILOS GROUP PARTNERS, III, L.P | MARCH 10, 2008 |

## COMPLAINT

**Count One (Breach of contract as to Psilos Group Managers, LLC)**

1. Plaintiff C.P. Eaton Partners, LLC f/k/a CPE, LLC doing business as C.P. Eaton Associates is a Connecticut Limited Liability Company with offices located at 131 Rowayton Avenue, Rowayton, CT ("Eaton").

2. Defendant Psilos Group Managers, LLC is a Delaware limited liability company with offices located at 625 Avenue of the Americas, 4th floor, New York, NY 10011 ("Psilos Group").

3. Defendant Psilos Group Partners, III, L.P. is a Delaware limited partnership with offices located at 625 Avenue of the Americas, 4th floor, New York, NY 10011 ("Psilos Fund").

4. On or about June 1, 2005, Eaton and Psilos Group entered into a certain Placement Agreement whereby Eaton agreed to act as the financial advisor to Psilos Group in connection with obtaining investors for the Psilos Fund ("Placement Agreement"). A copy of the Placement Agreement will be attached to the Complaint as Exhibit A.

5. Pursuant to the Placement Agreement, Eaton also agreed to act as Psilos Group's exclusive placement agent in the private placement of investors of limited partnership interests in the Psilos Fund in return for agreed upon compensation including incentive fees.

6. Pursuant to paragraph 2 of the Placement Agreement, Eaton specifically agreed to provide certain services to Psilos Group, including, but not limited to, identifying potential investors, qualifying potential investors as eligible investors for the Psilos Fund, informing Psilos Group of qualified potential investors, communicating with these qualified potential investors by telephone or writing and setting up meetings between these investors and Psilos Group, following up with the potential investors after any meeting and working with the potential investors through the approval process involved in becoming an investor, assisting Psilos Group in determining the business terms of the Psilos Fund, preparing marketing materials for the Psilos Fund, assisting the Psilos Group in negotiating investment terms with potential investors, and assisting the Psilos Fund with any additional services with respect to the Private Placement to which Eaton and Psilos Group agree ("Services").

7. As compensation for Eaton's Services and role as the exclusive placement agent, it was to receive an Incentive Fee for every Eaton Investor.

8. An Eaton Investor was defined in paragraph 6(a) of the Placement Agreement as "[e]very investor, other than an Excluded Investor, who enters into a contractual obligation to invest capital to the [Psilos] Fund during the Engagement Period."

9. The Placement Agreement defined the engagement period as:

LAW OFFICES
SANDAK HENNESSEY & GRECO LLP
707 SUMMER STREET • STAMFORD, CONNECTICUT 06901-1026 • (203) 425-4200 • JURIS NO. 401677

> This engagement shall extend from June 1, 2005 (the "Effective Date") through the earlier of (i) the date of the final closing of the sale of the Securities (such final closing and each previous closing being hereafter called a "Closing") or (ii) December 31, 2006, unless the term of this Agreement is extended by written agreement or is terminated pursuant to the terms of Section 10 herein (the "Engagement Period"). For purposes of this Agreement, a Closing shall be deemed to have occurred on the date on which [Psilos Group] (or an affiliate thereof) receives and accepts an agreement or agreements committing investor(s) to an investment in the Fund.

10. Paragraph 6(b) of the Placement Agreement defines an Eaton Investor in the event the Placement Agreement is terminated at any time, other than for fraud, material misrepresentation, knowing material violation of securities law or criminal conduct in connection with fraud (paragraph 10(d) of the Placement Agreement) as:

> [E]aton Investor shall also mean every investor, other than any Excluded Investor, who invests in or makes a Capital Commitment to the Fund any time up to and including the date of the Final Closing of the Fund, and (i) who either invested or made a Capital Commitment to the Fund during the Engagement Period, or (ii) who was solicited (or whose consultant or investment advisor was solicited) by Eaton or the [Psilos Group] during the Engagement Period, and had a meeting (or whose consultant or investment advisor had a meeting) with [Psilos Group] or Eaton during the Engagement Period or with [Psilos Group] within three months after the Termination Date.

11. Paragraph 7 of the Placement Agreement sets forth the fees and expenses Psilos Group agreed to pay to Eaton.

12. Paragraph 7(a)(iii) of the Placement Agreement provides:

> [Psilos Group] shall pay Eaton: (A) a fee in an amount equal to two percent (2%) of the capital Commitments in the Fund by Eaton Investors, plus (B) a fee in an amount equal to two percent (2%) of that portion of

LAW OFFICES
SANDAK HENNESSEY & GRECO LLP
707 SUMMER STREET • STAMFORD, CONNECTICUT 06901-1026 • (203) 425-4200 • JURIS NO. 401577

the cumulative Capital Commitments in the Fund from Excluded Investors which is in excess of one hundred million dollars ($100,000,000) (together with the fee set forth in clause (A), the "Incentive Fee"). Notwithstanding the foregoing, if a first Closing in the amount of no less than thirty million dollars ($30,000,000) (the "First Closing") does not occur on or before September 30, 2005, the Incentive Fee percentage rate will be increased by ten (10) basis points on the first day of every month thereafter up to a maximum Incentive Fee percentage rate of two and one quarter percent (2.25%) until the First Closing occurs, at which time the Incentive Fee percentage rate shall become fixed.

If not otherwise deferred as provide below, the Incentive Fee owing in respect of any Eaton Investor or Excluded Investor, as applicable, shall be paid in full within thirty (30) days after the later of (each such date, a "Payment Date") (i) the date of each applicable Closing with respect to such Eaton Investor's or Excluded Investor's, as applicable Capital Commitment, (ii) if [Psilos Group] does no receive any management fees from such Eaton Investor, or Excluded Investor, as applicable, at such Closing (if, for example, the Fund has a "dry closing"), the date on which [Psilos Group] receives management fees from the Fund in respect of such Eaton Investor's or Excluded Investor's (as applicable) Capital Commitment and (iii) with respect to any fees owed with respect to the Capacity, the date of final Closing of the sale of the Securities.

Payment of the Incentive Fee earned in respect of any Closing may also be deferred by [Psilos Group] to be paid in five (5) equal semi-annual installments with the first such installment due within fifteen (15) days after the Payment Date and all subsequent semi-annual installments together with simple interest on the unpaid balance at the rate of five percent (5%) per year, being due every six months from the date of the first installment payment. Solely for the purpose of computing the amount and timing of such semi-annual installment payments with respect to Incentive Fees that are earned n respect of a Closing subsequent to the first Closing (a "Subsequent Closing"), [Psilos Group] shall pay, no later than fifteen (15) days after the date of such Subsequent Closing, an amount equal to the aggregate payments with respect to such Incentive Fees that would have been paid as of such date had such Incentive Fees been earned at the first Closing and the remainder of such Incentive Fees shall be paid in equal installments on any remaining semi-annual payment dates.

4

Interest on the Incentive Fees shall accrue only from the actual Closing date to which they relate.

13. Paragraph 7(b) of the Placement Agreement states:

[a]ny payment that is not paid by [Psilos Group] to Eaton when due under this Agreement shall bear interest at a rate of twelve percent (12%) per annum, compounded quarterly, from the due date of all or any outstanding balance of such payment amount until such amount is paid by [Psilos Group] to Eaton in full. In addition, if any payment is not made by [Psilos Group] when due under the [Placement Agreement], and remains unpaid for a period of thirty (30) days, Eaton may accelerate the payment date of all future payments due to it and declare such amounts immediately due and payable in full and subject to the interest rate stated above. In the event of such default in payment by [Psilos Group], [Psilos Group] will pay Eaton's costs of collection including reasonable attorney's fees.

14. From June, 2005 through December 22, 2006, Eaton commenced performing its Services, including, but not limited to, assisting Psilos Group in preparing marketing materials and a Private Placement Memorandum and seeking investors for the Psilos Group to invest in the Psilos Fund.

15. From June, 2005 through December 22, 2006, Eaton contacted and/or met with hundreds of potential investors in an effort to secure capital for the Psilos Fund.

16. Upon information and belief, from June, 2005 through December 22, 2006 (and beyond) there were several Closings for Eaton Investors.

17. By letter dated December 22, 2006, over a year after executing the Placement Agreement, Psilos Group purported to terminate the "[P]lacement Agreement pursuant to Section

5

10(d) thereof based upon Eaton's material misrepresentations to [Psilos Group]." ("December 22 Letter"). A copy of the December 22 Letter will be attached to the Complaint as Exhibit B.

    18.     Paragraph 10(d) of the Placement Agreement states:

> If either party engages in fraud, material misrepresentation, knowing material violation of securities law or criminal conduct in connection with the Fund, the other party may then terminate this Agreement to be effective upon the receipt of notice of termination.

    19.     Paragraph 10(e) of the Placement Agreement states:

> Notwithstanding any termination of this Agreement (other than by [Psilos Group] pursuant to Section 10(d) herein), the provisions of Sections 7 (except (a)(i) and (ii)), 9, 11, 12, 13, 15, 16, 17, 18, 19, 20, 21 and 22 shall survive such termination.

    20.     Based on paragraph 10(e), the only way for Psilos Group to avoid its obligation to pay Eaton its earned Incentive Fees (as defined in paragraph 7(a)(iii)) under the Placement Agreement would be to terminate Eaton for conduct as defined in paragraph 10(d), i.e. material misrepresentations.

    21.     In the December 22 Letter, Psilos Group identified three reasons for the termination and improperly described those reasons as "material misrepresentations." Those reasons were that Eaton failed to:

> (i) prepare the Fund's private placement memorandum and related marketing materials promptly upon execution of the Placement Agreement; (ii) finalize and fine tune such materials and the related marketing strategy for the Fund between June 1, 2005 and Labor Day (2005); and (iii) arrange and participate in meetings with potential investors immediately following the Labor Day vacation period ("Reasons for Termination").

6

22. The Reasons for Termination did not constitute fraud or other conduct described in paragraph 10(d) of the Placement Agreement.

23. Furthermore, Psilos Group knew about the purported Reasons for Termination for over a year prior to sending the December 22 Letter. During that year period, Psilos Group never gave written notice of any of the Reasons for Termination to Eaton.

24. Psilos Group's purported termination was not within the scope of Paragraph 10(d) of the Placement Agreement and was in breach of the Placement Agreement.

25. Subsequent to the December 22 Letter, Psilos Group held additional Closings for investors. Upon information and belief, the last Closing for the Psilos Fund was September 30, 2007.

26. Pursuant to paragraph 12 of the Placement Agreement, Psilos Group was required to provide Eaton, within 15 days of any Closing, with a written "[l]ist of all investors that made a commitment in such closing, whether or not such investors are deemed to be Eaton Investors. [Psilos Group] shall also provide Eaton with a calculation of fees [Psilos Group] believes are owed to Eaton under the terms of this [Placement Agreement] and the expected dates and amounts, including interest if applicable, for payment thereof."

27. In breach of the Placement Agreement, Psilos Group has failed and/or refused to provide Eaton with any list of the investors in the Psilos Fund that had Closings subsequent to December 22, 2006. Therefore, Eaton has no way of knowing which investors in the Psilos Fund are in fact Eaton Investors who had Closings subsequent to the December 22 Letter. However,

7

upon information and belief, several Eaton Investors had Closings subsequent to the December 22 Letter.

28. In breach of the Placement Agreement, Psilos Group has failed and/or refused to pay Eaton its earned Incentive Fees.

29. Psilos Group's breach of the Placement Agreement has caused Eaton to suffer damages.

**Count Two (Breach of Covenant of Good Faith and Fair Dealing as to Psilos Group Managers, LLC)**

1-28   Eaton repeats and realleges paragraphs 1 through 28 of Count One as paragraphs 1 through 28 of this Count Two.

29. Psilos Group concocted the Reasons for Termination and couched them as "material misrepresentations" to trigger improperly paragraph 10(e) of the Placement Agreement to avoid, in bad faith, paying Eaton the money due and owing under the Placement Agreement.

30. The foregoing conduct of Psilos Group constitutes a breach of the covenant of good faith and fair dealing implied in the Placement Agreement.

8

**Count Three (Declaratory Judgment Conn. Gen. Stat. §52-29(a))**

1-28. Eaton hereby repeats and realleges paragraphs 1-28 of Count Two as paragraphs 1-28 of this Count Three.

29. There is an actual bona fide and substantial issue in dispute between Eaton and Psilos Group as to whether Psilos Group terminated the Placement Agreement. This dispute requires settlement.

30. By this action, Eaton seeks a declaration that Psilos Group failed properly to terminate the Placement Agreement. As such, the Placement Agreement is still in full force and effect.

31. A declaratory judgment is necessary as Eaton has a legal interest by reason of danger of loss or of uncertainty as to its legal rights under the Placement Agreement.

32. Attached hereto, in accordance with Practice Book Section 17-56(b), is a certificate stating that all interested persons have been joined as parties to this action.

**Count Four (Unjust Enrichment Against Psilos Group Partners III, L.P.)**

1-28. Eaton hereby repeats and realleges paragraphs 1-28 of Count Two as paragraphs 1-28 of this Count Four.

29. The Psilos Fund benefited from Eaton's Services and role as the exclusive placement agent in the private placement of investors for the Psilos Fund.

LAW OFFICES
SANDAK HENNESSEY & GRECO LLP
707 SUMMER STREET • STAMFORD, CONNECTICUT 06901-1026 • (203) 425-4200 • JURIS NO. 401577

30. The Psilos Fund failed to pay Eaton for its Services and role as exclusive placement agent in the private placement of investors for the Psilos Fund and has been unjustly enriched.

31. The Psilos Fund's refusal to pay Eaton for its Services and role as exclusive placement agent in the private placement of investors for the Psilos Fund was to the detriment of Eaton.

32. Psilos Fund's foregoing conduct caused Eaton to suffer damages.

**Court Five (Violation of CUTPA against Psilos Group Managers, LLC)**

1. Eaton hereby incorporates by reference and realleges all allegations in the First Count herein.

2. Psilos Group knew that the purported Reasons for Termination were not material to Paragraph 10 (d) of the Placement Agreement when it sent the December 22 Letter.

3. Psilos Group concocted the Reasons for Termination and couched them as "material misrepresentations" to trigger improperly paragraph 10(e) of the Placement Agreement to avoid, in bad faith, paying Eaton the money due and owing under the Placement Agreement.

4. The conduct of Psilos Group as alleged herein constitutes a violation of the Connecticut Unfair Trade Practice Act, Conn. Gen. Stat. 42-110a, *et. seq.*, ("CUTPA") in that said conduct offends public policy as it has been established by statutes and/or the common law, including the statutory requirement that sellers make truthful disclosures about their property

LAW OFFICES
SANDAK HENNESSEY & GRECO LLP
707 SUMMER STREET • STAMFORD, CONNECTICUT 06901-1026 • (203) 425-4200 • JURIS NO. 401577

10

when it is sold.

5.  The conduct of Psilos Group as alleged herein constitutes a violation of CUTPA in that said conduct violates established concepts of fairness.

6.  The conduct of Psilos Group as alleged herein constitutes a violation of CUTPA in that said conduct constitutes unfair and deceptive practices and/or practices which are immoral, unethical, oppressive and/or unscrupulous.

7.  In accordance with CUTPA, Eaton will serve a copy of this Complaint upon the Attorney General of the State of Connecticut.

8.  In light of the foregoing conduct, Psilos Group is subject to liability for the actual and ascertainable losses suffered by Eaton.

9.  As a direct and proximate result of Psilos Group's violations of CUTPA, Eaton has suffered damages.

11

12

**PRAYER FOR RELIEF**

1. Monetary Damages;

2. Attorney's Fees and costs pursuant to the Placement Agreement;

3. Attorney's Fees pursuant to CUTPA;

4. Punitive damages pursuant to CUTPA;

5. Interest;

6. As to Count Three, a Declaratory Judgment that Psilos Group failed properly to terminate the Placement Agreement. As such, the Placement Agreement is still in full force and effect; and

7. Such other and further relief as the Court may deem just and proper.

> THE PLAINTIFF,
>
> C.P. EATON PARTNERS, LLC
> F/K/A CPE, LLC D/B/A
> C.P. EATON & ASSOCIATES
>
> By _____
> Gary S. Klein
> Stephanie A. McLaughlin
> Sandak Hennessey & Greco, LLP
> 707 Summer Street
> Stamford, CT 06901
> (203)425-4200
> (203)325-8608 (fax)
> Juris Number 401577
> Its Attorneys

## CERTIFICATION REGARDING DECLARATORY JUDGMENTS

Pursuant to Connecticut Practice Book § 17-56(b), I hereby certify that all known interested persons have been joined as parties to this action.

                                                              Stephanie A. McLaughlin

LAW OFFICES
SANDAK HENNESSEY & GRECO LLP
707 SUMMER STREET • STAMFORD, CONNECTICUT 06901-1026 • (203) 425-4200 • JURIS NO. 401577

| | | |
|---|---|---|
| RETURN DATE: APRIL 22, 2008 | : | SUPERIOR COURT |
| | : | |
| C.P. EATON PARTNERS, LLC | : | JUDICIAL DISTRICT OF |
| F/K/A CPE, LLC D/B/A | : | |
| C.P. EATON & ASSOCIATES | : | STAMFORD/NORWALK |
| | : | |
| v. | : | AT STAMFORD |
| | : | |
| PSILOS GROUP MANAGERS, LLC AND | : | |
| PSILOS GROUP PARTNERS, III, L.P | : | MARCH 10, 2008 |

## STATEMENT RE: AMOUNT IN DEMAND

The amount, legal interest or property in demand, exclusive of interest and costs, is greater than $15,000.00.

            THE PLAINTIFF,

            C.P. EATON PARTNERS, LLC
            F/K/A CPE, LLC D/B/A
            C.P. EATON & ASSOCIATES

            By: _____
            Gary S. Klein
            Stephanie A. McLaughlin
            Sandak Hennessey & Greco, LLP
            707 Summer Street
            Stamford, CT 06901
            (203)425-4200
            (203)325-8608 (fax)
            Juris Number 401577
            Its Attorneys

LAW OFFICES
SANDAK HENNESSEY & GRECO LLP
707 SUMMER STREET • STAMFORD, CONNECTICUT 06901-1026 • (203) 425-4200 • JURIS NO. 401577